IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, INC., | |
| Plaintiff, | Case No. _____ |
| v. | COMPLAINT |
| HARBINGER, LLC d/b/a BREWERY EMPERIAL, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

The Cincinnati Insurance Company ("Cincinnati") for its Complaint for Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

1. The Cincinnati Insurance Company, Inc., is an Ohio corporation, with its principal place of business in Cincinnati, Ohio.

2. Harbinger, LLC ("Harbinger") resides in Kansas by virtue of having members that reside in Kansas. Harbinger's members are residents of Kansas, Missouri or Oregon.

3. On about July 9, 2019, Harbinger properly executed a Kansas Irrevocable Consent to Jurisdiction stating that Harbinger, "stipulates, agrees, and consents that the Courts of this State have jurisdiction over applicant." The Consent to Jurisdiction was filed with the Kansas Secretary of State on about July 12, 2019.

4. The Resident Agent for Harbinger is the Kansas Secretary of State, 120 S.W. 10th Ave., First Floor, Memorial Hall, Topeka, KS 66612.

1

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interests, and attorney's fees, and there exists complete diversity of citizenship.

6. Venue is proper in the District of Kansas under 28 U.S.C. § 1391(b) because Harbinger resides in Kansas and many events giving rise to this lawsuit occurred in this district.

## FACTUAL BACKGROUND

7. Cincinnati issued a policy of insurance to Harbinger having Policy Number ETD 056 51 68 and a policy period of December 1, 2019 to December 1, 2022 ("the Policy").

8. A copy of the Policy is attached as "Exhibit A."

9. The Policy was delivered to Harbinger by delivering a copy of the Policy to Harbinger's insurance agent, IMA Select, LLC in Overland Park, Johnson County, Kansas.

10. Exhibit A, including all of its provisions, terms, conditions, and exclusions is incorporated as if fully set forth herein.

11. The Commercial Property Coverage of the Policy provides limits of insurance for Building, $936,000, Business Personal Property, $150,000, Business Income with Extra Expense up to 12 months Actual Loss Sustained (ALS) subject to deductible.

12. Harbinger operates a brewery and restaurant named Brewery Emperial located at or near 1829 Oak Street in Kansas City, Missouri ("the Property").

2
101978655.v1
Case 4:21-cv-00527-RK   Document 1   Filed 12/07/20   Page 2 of 8

13. 1829 Oak Street in Kansas City, Missouri is listed as a scheduled location in the Schedule of Locations listed on Form 904 04 04 of the Policy.

14. Harbinger presented a claim to Cincinnati through its agent, IMA Select, LLC, of Overland Park, Kansas on about August 14, 2020 claiming business interruption due to COVID.

15. Contact was made with Harbinger on the same day by telephone. At that time Mr. Thompson of Harbinger stated it received the order to shut down on March 16, 2020, so shut down occurred on March 17, 2020.

16. Harbinger further claimed that on May 15, 2020 Harbinger reopened with restrictions and continued to remain open on and as of August 14, 2020.

17. By letter dated August 17, 2020 signed by a Cincinnati Field Claims Representative located in Lawrence, Kansas on behalf of Cincinnati, Cincinnati cited certain insurance policy provisions and requested information from Harbinger. A copy of the letter is attached as "Exhibit B."

18. Exhibit B, including all of the statements made and policy provisions, terms, conditions, and exclusions cited, is incorporated as if fully set forth herein.

19. Cincinnati did not receive a response from Harbinger to Exhibit B and sent follow-up letters to Harbinger on September 11, 2020 and October 2, 2020.

20. On October 28, 2020, Cincinnati received a representation letter addressed to a Cincinnati employee in Lawrence, Kansas from Dan Curry with the law firm of Brown & Curry. The letter was sent on behalf of Harbinger.

21. In the October 28, 2020 letter, Harbinger included a claimed profit and loss statement from March 17, 2020 to October 15, 2020. Harbinger claimed a

"decline in total income in 2020" well in excess of $75,000.

22. The October 28 letter further enclosed, among other things, the Amended Order 20-01 from Quinton D. Lucas dated July 10, 2020 and the Fourth Amended Proclamation Declaring a State of Emergency Arising from the Imminent Threat of the spread of 2019 novel coronavirus (COVID-19), from Quinton D. Lucas dated August 13, 2020.

23. The October 28, 2020 letter from Harbinger did not include the documents or information requested by Cincinnati.

24. Harbinger claims that, beginning on or about March 12, 2020, while the aforesaid policy was in full force and effect, Harbinger sustained direct physical loss as a result of "emergency proclamations" that "ordered restaurants to end in-restaurant dining…due to the Covid-19 pandemic."

25. Harbinger further claimed that other emergency proclamations constitute direct physical loss and "severely limited the number of patrons permitted inside the building, due to the Covid-19 panic."

26. On about October 30, 2020, a claims representative of Cincinnati sent a letter from Lawrence, Kansas to Harbinger.

27. The October 30, 2020 letter explained Cincinnati's coverage decision concerning the claims of Harbinger.

28. A copy of the October 30, 2020 letter is attached as "Exhibit C."

29. Exhibit C, including all of the statements made and policy provisions, terms, conditions, and exclusions cited, is incorporated as if fully set forth herein.

4

30. There is no coverage for Harbinger's claims because there is no direct physical loss.

31. Harbinger's claim does not satisfy the Policy's insuring agreement.

32. Harbinger's claim does not involve direct, physical loss or damage to property at its premises caused by a Covered Cause of Loss. Accordingly, the Policy's insuring agreement is not met and coverage is unavailable.

33. The insuring agreement only provides coverage for direct "loss" to Covered Property at the "premises" caused by or resulting from a Covered Cause of Loss.

34. The Policy defines "Covered Causes of Loss" to mean "direct 'loss' unless the 'loss' is excluded or limited in this Coverage Part."

35. The Policy defines "loss" as "accidental physical loss or accidental physical damage."

36. There is no coverage for Harbinger's claims pursuant to the provisions, terms, and conditions of the Policy's Coverage Extensions for Business Income and Extra Expense.

37. The Business Income and Extra Expense coverages require that there be direct physical loss or damage to Covered Property at the premises or within 1,000 feet of those premises.

38. There is and was no direct physical loss or damage. Accordingly, the Business Income and Extra Expense terms, conditions, provisions, and requirements are not satisfied and coverage is unavailable under the Policy.

5

101978655.v1

Case 4:21-cv-00527-RK    Document 1    Filed 12/07/20    Page 5 of 8

39. There is no coverage here because there was no direct physical loss at the premises. However, even assuming that there was direct physical loss, coverage would be excluded by the Policy's Pollution Exclusion.

40. Pursuant to the provisions, terms, and definitions concerning the Pollutants exclusion there was no covered cause of loss.

41. There is no coverage pursuant to the provisions, terms, and conditions of the Policy's coverage extension for Civil Authority.

42. The Civil Orders were not because of direct damage to property at other locations or dangerous physical conditions at other locations.

43. The Civil Order does not prohibit or prevent access to the area immediately surrounding your premises.

44. The provisions, terms, and conditions of the Civil Authority coverage are not present here, and coverage is unavailable under the Policy.

45. No other provision, term, or condition of the Policy provides coverage to Harbinger.

46. The Policy, in its Building and Property Coverage Form, only provides coverage for direct physical loss or damage.

## COUNT I – DECLARATORY JUDGMENT

47. Paragraphs 1 through 46 are incorporated as if fully set forth.

48. There exists an actual controversy of a justiciable nature between Cincinnati and Harbinger concerning the rights and obligations of the parties to the insurance contract.

49. Cincinnati has complied with all terms, conditions and provisions of the insurance policy and is specifically reserving any and all rights and defenses it has or may have under the policy of insurance, including additional rights and defenses that may become apparent throughout the course of discovery in this case.

50. By virtue of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between the defendants in connection to the aforementioned Policy.

WHEREFORE, Plaintiff The Cincinnati Insurance Company prays that this Court enter judgment in its favor and against Defendant Harbinger, LLC, declaring:

A. That there is no coverage under the policy for Harbinger, LLC claimed loss;

B. That The Cincinnati Insurance Company is not in any manner liable to Defendant Harbinger, LLC under the policy for the claimed loss;

C. That there was not Direct Physical Loss or Damage to property of Harbinger, LLC;

D. That Harbinger, LLC is not entitled to property insurance coverage for claims related to COVID-19;

E. That Harbinger, LLC is not entitled to coverage pursuant to terms and conditions of Civil Authority Coverage;

F. That, even if there were direct physical loss or damage, Harbinger, LLC's claimed loss would be excluded by the terms and conditions of the Policy, including but not limited to the Pollution exclusion; and

G. For such other and further relief as the Court deems just and equitable under the circumstances.

WALLACE SAUNDERS, CHARTERED

BY: /s/ Michael L. Brown
Michael L. Brown    KS# 21313
Kelvin J. Fisher    KS#22014
10111 West 87th Street
Overland Park, KS 66212
(913) 888-1000 FAX - (913) 888-1065
mbrown@wallacesaunders.com
kfisher@wallacesaunders.com

ATTORNEYS FOR THE CINCINNATI INSURANCE COMPANY